IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| MANU KAPOOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:21-cv-00076 |
| | ) | |
| WESTERN STATE HOSPITAL | ) | By: Elizabeth K. Dillon |
| EMPLOYEE AND DIRECTOR, et al, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Manu Kapoor, proceeding pro se, filed this action against "Western State Hospital Employee and Director" and "DORS."  (Compl., Dkt. No. 2.)  Though the complaint is unclear as to the precise identity of the defendants, Kapoor's proposed summons (Dkt. No. 5) suggests that she intended to sue Dr. Jonathan Anderson, M.D. (a Facility Director of Western State Hospital), Dr. Kenneth Showalter, Psy.D (a staff psychologist at Western State Hospital), and the Virginia Department for Aging and Rehabilitative Services ("DARS").  Because Kapoor referred to these parties only by their occupations (as opposed to their legal names), the court construes this action as being brought against the defendants only in their official capacities. Kapoor's specific claims are similarly unclear.  The court likewise construes the cause of action as arising under 42 U.S.C. § 1983 because Kapoor asserts a violation of her civil rights.

This case is before the court on defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and on the basis

of defendants' sovereign immunity, and under Rule 12(b)(6) for failure to state a claim upon

which relief can be granted.  (Dkt. No. 13.)  The motion is ripe for resolution, and the court finds

that a hearing is not necessary to resolve defendants' motion, which will be granted because this

court lacks subject matter jurisdiction based upon the sovereign immunity of defendants.

## I.  BACKGROUND

On June 7, 2011, the Circuit Court of Arlington County ordered Kapoor to complete

restoration to competency treatment at Western State Hospital ("WSH")—a state-owned hospital

for the mentally ill located in Staunton, Virginia—prior to standing trial for charges that were

then pending in Arlington County.  That order was amended on July 13, 2011, to further require

that Kapoor receive a psychiatric evaluation.  (*See* Defs.' Mem. in Supp. Mot. Summ. J., Dkt.

No. 14, Exs. 1–2.; Va. Code Ann. §§ 19.2-169.2, 19.2-169.5.)[1]  While Kapoor was admitted at

WSH, Dr. Showalter was her treating psychologist.  Kapoor was discharged from WSH on July

15, 2011, and has not since been readmitted to WSH.

From August to November 2021, Kapoor was allegedly involved in, and criminally

charged for, a series of trespasses on the campus of Virginia Commonwealth University (*see*

Compl.; Defs.' Mem. in Supp. Mot. Summ. J, Ex. 1.)  On November 23, 2021, the Richmond

City General District Court (where those charges were pending) ordered Dr. Showalter to

perform an outpatient evaluation of Kapoor's competency to stand trial and to provide his report

---

[1]  "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1)" (as defendants do here), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," such as exhibits attached to defendants' motion. *See Evans v. B.F. Perkins Co,*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

to that court, the Commonwealth's Attorney for the City of Richmond, and Kapoor's defense

counsel.  (*Id.* Ex. 3; Va. Code Ann. § 19.2-169.1(D).)  Dr. Showalter delivered that report via

letter on December 1, 2021.

On November 29, 2021, Kapoor visited the Virginia Department for Aging and

Rehabilitative Services—an executive branch agency that coordinates services to help older or

disabled Virginians and their families—where she had an intake meeting with Patrick Flanigan, a

counselor with DARS.  (*See* Defs.' Mem. in Supp. Mot. Summ. J., Ex. 4.)  The following day,

she filed this action.

## II.  PLAINTIFF'S CLAIMS

Kapoor's complaint is difficult to decipher.  She alleges that the events giving rise to her

claims against these defendants occurred "from 2001 to present" (Compl. 4), but does not

describe these events in any discernable detail.  Kapoor alleges her case involves

"incarcerations," "torture in the prison of Virginia," "rerouting [her] to mental facility,"

"working with the staff at Western State," and "obtaining [sic] pleas alford plea," resulting in

"domestic terrorism . . . crimes against quality of life or hate crimes or civil rights."  (*Id.* 5.)  In

describing the resulting harm, Kapoor alleges she has been denied accommodations in hotels,

denied "access to medical and surgical services," prevented from working, endured "sex[ua]l and

violent assault as a means of terror to vacate [her] from [her] apartment," experienced "repeated

incarceration and per[s]ecutions, lost "land rights," and has been denied services by myriad

government agencies.  (*Id.*)  For relief, Kapoor seeks damages of "more than [$]75,000" and

requests "recovery of all documents and records and tapes access of this information" and

"validation of the above information that has been used for assessment."  (*Id.*)

The complaint rarely mentions the defendants themselves or explains the extent of their involvement in the alleged events, which Kapoor says "are misrepresented and not represented in the plaintiff's history during her interaction with [an] employee of WSH."  (*Id.* 4.)  She alleges that "the licensed employee has met with [her] in Nov[ember] 2021 at the office and continued a competency evaluation" in relation to the alleged trespasses at VCU and "refuses to show where disputable information has arisen from."[2]  (*Id.*)  She further alleges that she was "denied services by . . . DORS" among other agencies.  (*Id.*)  Otherwise, the complaint's factual allegations make no reference to Dr. Showalter (or an "employee"), Dr. Anderson (or a "director"), or DORS. Notably, Dr. Anderson is not mentioned by name once.

On December 28, 2021, Defendants moved to dismiss Kapoor's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3]  (Dkt. No. 13.)  That day, the court also issued Kapoor a *Roseboro* notice, informing her of her right to respond to the motion to dismiss.  (Dkt. No. 15.)  Kapoor did not respond.[4]

---

[2]  Kapoor's proposed summons and attachments to her complaint indicate that the "employee" is Dr. Showalter.

[3]  Because the court will grant defendants' 12(b)(1) motion, it need not reach defendants' 12(b)(6) motion to dismiss for failure to state a claim.

[4]  Courts within the jurisdiction of the Fourth Circuit are required to advise a pro se plaintiff of both her right to file responsive material and the possibility that a failure to respond may result in the court finding against the plaintiff.  *See generally Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).  However, the Fourth Circuit has indicated that, even when a motion to dismiss is unopposed, "[a] district court nevertheless has an obligation to review the motion[] to ensure that dismissal is proper."  *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).  As such, the court will address the merits of defendants' motion.

## III.  ANALYSIS

### A.  Standard of Review

Kapoor's pro se complaint is entitled to a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, the court is not obliged to become an advocate for the unrepresented party, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "to construct full blown claims from sentence fragments," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  As with all plaintiffs, though, a pro se plaintiff must "demonstrate more than a sheer possibility that a defendant has acted unlawfully," and "articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief." *Hodge v. Gansler*, 547 F. App'x 209, 210 (4th Cir. 2013) (quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks subject matter jurisdiction over the subject matter of the action.  Fed. R. Civ. P. 12(b)(1).  Generally speaking, a federal court has subject matter jurisdiction over a civil action only if it raises a question of federal law, 28 U.S.C. § 1331, or it is between citizens of different states and the amount in controversy exceeds $75,000, *id.* § 1332.  The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).  If she cannot do so, then the court must dismiss her complaint. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

The doctrine of sovereign immunity under the Eleventh Amendment to the United States Constitution generally prohibits actions in federal court by individuals against a state. *Ballenger v. Owens*, 352 F.3d 842, 844–45 (4th Cir. 2003).  Assertions of sovereign immunity must also be

addressed on a motion to dismiss for lack of subject matter jurisdiction because sovereign immunity "deprives federal courts of jurisdiction to hear claims" against the immune party. *See Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2000). Eleventh Amendment sovereign immunity also applies to state agencies, agents, and instrumentalities that act as an arm of the state. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429–30 (1997) (explaining that the Eleventh Amendment's reference to actions "against one of the United States" encompasses "not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities").

There are three main exceptions to state sovereign immunity. First, Congress may expressly abrogate a state's sovereign immunity for certain types of cases via statute in the exercise of its power to enforce the Fourteenth Amendment—an Amendment enacted after the Eleventh Amendment and specifically designed to alter the federal-state balance. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 448 (1976). Second, a state may waive its sovereign immunity by consenting to suit. *Clark v. Barnard*, 108 U.S. 436, 447–448 (1883). Finally, an exception recognized in *Ex parte Young*, 209 U.S. 123 (1908), allows private citizens, in proper cases, to seek injunctive relief against state officials in their official capacities to enjoin them from engaging in future conduct that would violate the Constitution or a federal statute. *See id.* at 159.

**B. Subject Matter Jurisdiction**

Kapoor's complaint lodges indeterminate claims of domestic terrorism, hate crimes, civil rights violations, torture, and prevention of access to various services and amenities. Additionally, as defendants' brief surmises, the complaint could be liberally construed "to infer

6

that [Kapoor] is attempting to allege a violation of her Fourteenth Amendment due process rights when she mentions being denied services."  (*See* Defs.' Mem. in Supp. Mot. Summ. J.)  "To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted).  The United States Supreme Court has "made clear" that "if a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, 'that conduct [is] also action under color of state law and will support a suit under § 1983.'"  *Id.* at 49 (quoting *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 935 (1982)).

Although Kapoor's allegations are scattered and at times conclusory, the substance of the complaint indicates that she alleges constitutional rights violations redressable under 42 U.S.C. § 1983.  *See, e.g.*, *Dowell v. W. Va. Reg'l Jail*, No. 7:20-cv-00055, 2021 WL 744759, at *3 (W.D. Va. Feb. 25, 2021) (construing pro se plaintiff's claims as arising under 42 U.S.C.§ 1983 because he cites "civil rights violations").  Because Kapoor's complaint alleges civil rights violations, the court construes the claim as arising under 42 U.S.C. § 1983 and thus presenting a federal question.  Nonetheless, the court will grant defendants' 12(b)(1) motion to dismiss for the reasons discussed below.

## C.  Sovereign Immunity

Kapoor's claim is barred by defendants' sovereign immunity under the Eleventh Amendment and thus must be dismissed for lack of subject matter jurisdiction.  *See Cunningham*, 888 F.3d at 649.

WSH is a state-owned facility under the control of the Department of Behavioral Health and Developmental Services, *see* Virginia Code § 37.2-300 *et seq*., and—as this court has previously held—is "an arm of the state entitled to Eleventh Amendment immunity." *Pauler v. Western State Hospital*, No. 5:19-cv-00025, 2020 WL 572728, at *2 (W.D. Va. Feb. 5, 2020); *see also Herer v. Burns*, 577 F. Supp. 762, 763 (W.D. Va. 1984).  DORS, as a state agency, is entitled to the same immunity.  *See Regents of the Univ. of Cal.*, 519 U.S. at 429–30.  To the extent that Dr. Anderson and Dr. Showalter are sued in their official capacities as employees of WSH, they are likewise entitled to immunity.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) ("[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.").

Moreover, no exceptions to Eleventh Amendment immunity apply here.  No defendant here has consented to suit, and it is well settled that Congress did not intend to abrogate sovereign immunity in enacting § 1983.  *See, e.g.*, *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 (1989).  Additionally, even as liberally as the court construes the complaint, it cannot construe it as seeking prospective injunctive relief against Dr. Anderson or Dr. Showalter under the *Ex parte Young* exception, as Kapoor alleges no ongoing violation by either individual.

### III.  CONCLUSION

For these reasons, the court will grant the motion to dismiss for lack of subject matter jurisdiction on the basis of sovereign immunity (Dkt. No. 13) and dismiss this matter without

prejudice and without leave to amend.[5]  The court will issue an appropriate order.

Entered: September 23, 2022.



/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[5] *See, e.g.*, *Bradley v. Johnson & Johnson*, No. 1:12-cv-92, 2012 WL 1957812, at *3 (E.D. Va. May 30, 2012) ("[A] dismissal for lack of subject matter jurisdiction is not a determination on the merits and must be without prejudice."); *Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) ("When a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable.").